**Balour SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74432.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 15, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Tsz–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Margaret A. O'Donnell, Esq., U.S. Department of Justice Office of Enforcement Operations, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Balour Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant in part, and remand the petitioner's asylum and withholding of removal claims. We deny petitioner's CAT claim.

The IJ found that petitioner failed to establish asylum because he failed to show that any harm occurred on account of an enumerated ground. Petitioner was a member of the Akali Dal Mann party and was arrested after putting up a political poster. He was arrested again two months later as he walked off a stage after giving a political speech. Because police saw petitioner engage in the political activity prior to his arrest in both instances, and the police made statements to petitioner about his political activity during his detention and while they beat him, we find that he establishes a nexus to an enumerated ground. *See Popova v. INS,* 273 F.3d 1251, 1257–59 (9th Cir.2001).

Because the IJ only analyzed past persecution in terms of establishing a nexus to an enumerated ground, and we conclude that petitioner did establish a nexus, we grant the petition and remand to the BIA to determine if petitioner otherwise establishes past persecution. *See Navas v. INS,* 217 F.3d 646, 654 (9th Cir.2000).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Accordingly, we grant the petition with regard to petitioner's asylum and withholding of removal claims. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Petitioner fails to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he was returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED in part and REMANDED; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.